Eastern District of Kentucky
Eastern District of Kentucky
FILED
MAR 14 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 18-72-HRW

DONNA NORRIS SPARKS,                                    PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,
                                                        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on August 26, 2014, alleging disability beginning on December 8, 1993, due to chronic lymphocytic leukemia stage 2, depression and bipolar disorder (Tr. 238). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William J. Braunig, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 56 years old at the time of the hearing decision. She has a 12th grade education (Tr. 239). She has no past relevant work as defined by 20 C.F.R. § 416.965.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her current application for disability$_1$.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical, thoracic and lumbar spine with history of pain / sciatica; chronic lymphocytic leukemia; depressive disorder / mood disorder / major depressive disorder; bipolar disorder and

---

$_1$ The record shows that Plaintiff collected SSI benefits from 1997 through June 2012, when they were terminated because she went to prison (Tr. 12). SSI is payable only as of the month after the claimant files an application, *see* 20 C.F.R. § 416.335.

2

anxiety disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

Although Plaintiff has no past relevant work, the ALJ determined that she has the residual functional capacity ("RFC") to perform unskilled work and can understand, remember, and carry out short, simple instructions and make simple work-related judgments; maintain attention and concentration to perform simple tasks on a sustained basis with normal supervisions; manage and tolerate simple changes in the workplace; and adapt to the pressures of simple work. *See* 20 C.F.R. § 416.968(a).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ did not properly evaluate the medical evidence in the record pertaining to her mental impairments.

The ALJ found that Plaintiff was limited, but not disabled, due to her mental impairments. Indeed, in crafting the RFC, the ALJ limited Plaintiff to the least mentally demanding type of work possible. Yet, Plaintiff argues that the ALJ erred in making this finding, claiming that the ALJ erred in giving weight to examining psychologist Timothy Baggs, Psy. D.'s opinion while not sufficiently considering the notes of treating psychologist Stephan Lamb, M.D. and the notes and opinion of Sara Parman, ARPN.

### A. Dr. Lamb

In 2014, Plaintiff saw Stephan Lamb, M.D., for psychiatric treatment five times over the next four months (Tr. 396-401). Dr. Lamb noted that she had persistent cycling depression and some days of mania, but that she had improved mood stabilization on medications (including

4

Wellbutrin (an antidepressant), Prozac (an antidepressant), and lithium carbonate (used to treat bipolar disorder) (Tr. 397, 399, 400, 401).

Dr. Lamb diagnosed anxiety and mood disorder with rule out bipolar disorder (Tr. 397).

Dr. Lamb did not submit a medical source opinion.

### B.     Sara Parman

Beginning in December 2014 and continuing through early 2017, Plaintiff saw advanced practice registered nurse Sara Parman approximately every three months for psychiatric medication management (Tr. 537-59, 915-23, 1061-70). Plaintiff's psychiatric medications during this time period included varying dosages of Wellbutrin, lithium carbonate, Clonazepam (an anti-anxiety medication), and Brintellix (an antidepressant) (Tr. 552, 1062, 1064).

According to treatment notes, at times, Plaintiff reported that she was crying a lot with a depressed mood and having persistent anxiety and panic attacks (*see, e.g.*, Tr. 919, 1069). At other times, however, Plaintiff reported that she was "doing okay" or "fairly well" on her medications, despite still having some symptoms and some bad days (Tr. 915, 1061, 1063, 1065; *see also* Tr. 455 (reporting the same to her primary care provider)).

Ms. Parman initially diagnosed depression and opioid dependence and later changed Plaintiff's diagnosis to bipolar disorder.

Ms. Parman routinely noted normal mental status examinations (Tr. 1062, 1064, 1066, 1068, 1070).

In June 2016, Ms. Parman completed a medical source statement in which she opined that Plaintiff had difficulty focusing, concentrating, completing tasks, maintaining routine, making decisions, and exercising judgment and impulse control, and would have frequent work absences

5

due to her mood fluctuations (Tr. 1122-23). She further opined that Plaintiff had moderate limitations in understanding, remembering, and carrying out short, simple instructions and marked limitations in understanding, remembering, and carrying out detailed instructions; making judgments on simple work-related decisions; interacting with the public, supervisors, and coworkers; responding appropriately to work pressure; and responding to changes in a routine work setting (Tr. 1122-23).

### C. Dr. Baggs

In November 2014, Timothy Baggs, Psy.D., performed a one-time psychological evaluation of Plaintiff in connection with her disability application (Tr. 441-47). Dr. Baggs noted that Plaintiff presented in a manner that suggested moderate generalized anxiety with rule out mood disorder and opiate dependency in sustained remission (Tr. 446). He believed she had a fair to fairly good prognosis (Tr. 447).

Dr. Baggs opined that Plaintiff could understand and remember simple instructions, could relate adequately with people in the workplace and socially, and could adapt and respond effectively to workplace pressures and changes, but had mild deficiencies in her ability to sustain concentration and persistence (Tr. 447).

### D. Analysis

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, whether evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927(Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for

discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

Plaintiff first argues that the ALJ erred in giving weight to Dr. Baggs' opinion because he did not review her medical records, did not complete any mental health testing, and only examined her one time. It is clear from the decision that the ALJ reviewed Dr. Baggs' opinion pursuant to using the same factors set forth in 20 C.F.R. § 416.927 and found that Dr. Baggs' opinion was "generally consistent with the overall evidence of record and [Plaintiff's] level of functioning" (Tr. 22). The Court finds no error in the ALJ's consideration of Dr. Baggs' opinion.

As for Plaintiff's implication that Dr. Baggs' examination was incomplete or insufficient, his opinion consists of seven single-spaced pages of observations and findings, including a review of Plaintiff's mental health complaints and history of psychiatric hospitalizations as well as the doctor's own mental status examination findings (Tr. 441-47). It appears that that Dr.

7

Baggs' was quite thorough and there is nothing in his opinion which would call into question its credibility.

Plaintiff also argues that the notes from her treating psychologist, Dr. Lamb somehow undermine the opinion of Dr. Baggs. Yet, the record shows otherwise. Dr. Lamb treated Plaintiff five times in 2014 and his notes reflect that she had cycling moods but improved when prescribed lithium carbonate. This is not at odds with Dr. Baggs' findings.

Plaintiff also relies Dr. Lamb's notation of a Global Assessment of Functioning (GAF) score of 45 (Pl. Br. 7-8). However, GAF scores are problematic. First, GAF scores are not used in the latest version of the Diagnostic and Statistical Manual of Mental Disorders (DSM-V) due to their "conceptual lack of clarity." *See Rose v. Colvin*, 634 F. App'x 632, 636 (10th Cir. 2015) (unpublished). Further, the Sixth Circuit has recognized that a "GAF score is not particularly helpful by itself." *Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 684 (6th Cir. 2011) (unpublished). In other words, a GAF score, without other evidence, is not dispositive and certainly not substantial evidence.

The decision clearly shows that the ALJ reasonably considered Dr. Lamb's treatment notes, but nothing in these notes undermined the ALJ's decision to give great weight to Dr. Baggs' opinion or generally undermined the ALJ's finding that Plaintiff could perform the minimal mental demands of simple work.

Finally, Plaintiff maintains that the ALJ erred in rejecting Ms. Parman's opinion, insinuating that the ALJ rejected it solely because Ms. Parman is a non-acceptable medical source. However, the ALJ did not reject the opinion solely for that reason. The ALJ did note that Ms. Parman was not an acceptable medical source and therefore her opinion was entitled to

less weight. *See* 20 C.F.R. §§ 416.902 (defining "acceptable medical source"); 416.913(a) (listing sources who can provide evidence to establish an impairment (i.e., acceptable medical sources)); *see also* SSR 06-3p, 2006 WL 2329939, at *2 (other medical sources are "[m]edical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists . . . ."). However, the ALJ analyzed Ms. Parman's opinion and set forth specific reasons for rejecting it, as required by 20 C.F.R. § 416.927. Specifically, the ALJ noted that the extreme moderate and marked limitations set forth in the nurse's opinion "overstate[d]" Plaintiff's mental limitations because as noted repeatedly by Ms. Parman, her examinations of Plaintiff's mental status were entirely normal (*see* Tr. 1062, 1064, 1066, 1068, 1070). As such, the ALJ reasonably discounted Ms. Parman's opinion as inconsistent with the record and her own treatment notes. The Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ____ day of _____, 2019.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge

9